# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| DANIEL D. SANDERS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 7:06-cv-00955-SLB-RRA |
| BOB RILEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on August 31, 2006, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). (Doc. 7.) Plaintiff filed objections to the report and recommendation on September 21, 2006. (Doc. 8.)

In his objections, plaintiff argues that the magistrate judge erred in finding that his claims regarding the alleged unconstitutional application of correctional incentive time, or good time credits, under Alabama law could only be addressed by a writ of habeas corpus. Although plaintiff states in his original complaint that "[d]efendants are requiring Sanders and others to be denied proper awarding of jail credit, Court's rulings of concurrent terms, and other Court rulings which lessen the actual amount of time to be served on said sentences," he now contends that his complaint "has nothing to do with . . . the actual earning of good time." (Compl. at 6, ¶ 4 & Doc. 8.)

To the extent plaintiff claims he should be awarded good time and, in turn, a lesser sentence, plaintiff's claims would necessarily be a challenge to "the fact or duration of his confinement" for

which he must seek habeas corpus relief instead. *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973) (holding that a § 1983 action will not lie when a state prisoner challenges "the fact or duration of his confinement" and seeks either "immediate release from prison," or the "shortening of his term of confinement."); *see Heck v. Humphrey*, 512 U.S. 477, 481 (1994). However, assuming that the plaintiff does not directly contest the duration of his confinement but instead argues only that correctional incentive time is applied unconstitutionally under Alabama law, his claim still fails.

Plaintiff asserts that Ala. Code § 14-9-41 (1975), which denies good time to persons serving more than fifteen (15) years in prison, violates the equal protection clause and the due process clause of the Fourteenth Amendment. "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999)(internal citations omitted). Only after finding the deprivation of a protected interest will the court look to see if the state's procedures comply with due process. *See id.*

Alabama Code § 14-9-41(a)(1975) provides that prisoners convicted in Alabama and confined for a period of time other than for life, ***may be*** entitled to earn a deduction from the terms of his or her sentence.[1] While the statute indicates which inmates are eligible to receive correctional incentive time, "there is no language within the statute that establishes a right to good time even

---

[1] Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, in the penitentiary or at hard labor for the county or in any municipal jail for a definite or indeterminate term, other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article ***may be*** entitled to earn a deduction from the term of his sentence . . . .

*Ala. Code* § 14-9-41(a)(1975)(emphasis added).

when those prerequisites are met." *Beavers v. Alabama Legislators*, Civ. A. No. 91-T-1485-N, 1992 WL 415409, at *1 (M.D. Ala. February 21, 1992); *see Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) ("When [a] statute is framed in discretionary terms there is not a liberty interest created.") In other words, while § 14-9-41 establishes the requirements needed for receiving good time, nothing in the statute mandates that good time be awarded to any prisoner, regardless of his or her sentence. "'The opportunity to earn "good time" is a privilege, not a right, in Alabama.'" *Boykins v. State of Alabama*, 862 So.2d 587, 588 (Ala. 2002) (*citing Coslett v. State*, 697 So.2d 61 (Ala. Crim. App. 1997)). As such, plaintiff has not been deprived of any rights secured by the laws or Constitution of the United States and his due process claim is due to be dismissed. *See Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988).

Plaintiff further contends that Ala. Code § 14-9-41(e) (1975) violates the equal protection clause as it prohibits inmates sentenced to more than fifteen years from receiving good time.[2] Plaintiff's equal protection claim is also without merit. Indeed, in assessing the constitutionality of Ala. Code § 14-9-41(e), or Alabama Correctional Incentive Time Act (ACITA), the Eleventh Circuit Court of Appeals has held:

> [Ala. Code § 14-9-41(e)]does not single out a suspect class or impinge on a fundamental right. Thus, the provision is subject to the rational basis test under the equal protection clause. *See Hodel v. Indiana*, 452 U.S. 314, 331, 101 S.Ct. 2376, 2386-87, 69 L.Ed.2d 40 (1981). ACITA's classification of prisoners serving sentences of more than ten years is rationally related to the legitimate purpose of

---

[2]Provided, however, no person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary or in the court jail at hard labor or in any municipal jail.

Ala. Code § 14-9-41(e)(1975).

3

preventing the early release of serious offenders. Therefore, the statute does not violate the equal protection clause or the due process clause.

*Thornton v. Hunt*, 852 F.2d 526, 527 (11th Cir. 1988) (discussing earlier version of Ala. Code § 14-9-41(e) (1975) which prohibited correctional incentive time for persons sentenced to more than ten years in prison)(internal citations omitted).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections thereto, to the extent plaintiff claims that his sentence is due to be shortened through the award of correctional incentive time, or good time, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Additionally, to the extent plaintiff contends that Ala. Code § 14-9-41(1975) is unconstitutional in that it violates the due process and equal protection clauses of the Fourteenth Amendment, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

Dated this 2nd day of April, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE